Receipt number AUSFCC-7436812

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1.  Almond, William | |
| 2.  Amezcua, Seth | Case No.:  **21-2067 C** |
| 3.  Reed, Arnold | |
| 4.  Arthur, Aaron | Judge _____ |
| 5.  Baldwin, Nicholaus | |
| 6.  Beachy, John | |
| 7.  Beal, Brian | |
| 8.  Beal, Eric | |
| 9.  Beeman, Michael | |
| 10. Biser, Shannon | |
| 11. Boch, Philip | |
| 12. Bolinger, Matthew | |
| 13. Bonner, Steven | |
| 14. Booher, Joseph II | |
| 15. Booth, Shane | |
| 16. Brantner, Kevin | |
| 17. Brenize, Cody | |
| 18. Brumage, M. | |
| 19. Buckley, Jeremy | |
| 20. Cannon, Chris | |
| 21. Clark, Ralph | |
| 22. Cosgrove, Raymond | |
| 23. Courtney, Jason | |
| 24. Cutter, Wade | |
| 25. Dameron, Jacob | |
| 26. Daugherty, Jason | |

1

27. Davison, Jeffrey

28. Dawson, Sandy

29. Dawson, Robert III

30. Dela Rama, Jodelle

31. Delph, Hobert

32. Deremer, James

33. Detick, Wendy

34. DeVore, Christopher

35. Divelbliss, Ty

36. Donitzen, John

37. Dorsey, Benjamin

38. Dunn, Terence

39. Duran, Michael

40. Durrence, William

41. DuVall, Shane

42. Easton, Robert

43. Fazenbaker, Chris

44. Fazenbaker, Jodi

45. Fiordelise, William

46. Fontaine, Jeremiah

47. Freeman, Gary

48. Frenzel, Alacyn

49. Frenzel, Jessie

50. Fuller, Brent

51. Gank, Joshua

52. Godlove, Richard

53. Goss, Gregory

54. Gray, Robert Jr.

55. Greely, Bradley

56. Growden, David

57. Guerrero, Claudia

58. Hagelin, Eric

59. Hanlin, Corey

60. Hansrote, Robert

61. Hardman, Penni

62. Harper, Greg

63. Harper, Ryan

64. Henderson, Michael

65. Heselback, Brandon

66. Hinton, Jason

67. Hipkiss, Renee

68. Hipkiss, Terry

69. Howser, Kevin

70. Hull, Johnny

71. Hunt, Shawn

72. Hyson, Harold III

73. Jones, Edward

74. Jones, Kayla

75. Jones, Sean

76. Kasecamp, Todd

77. Kenner, David

78. Kenney, Tyler

79. Kerling, Breon

80. Kerns, Zachari

81. King, Douglas

82. Kiser, Michael

83. Kitzmiller, Ellen

84. Klepitch, Christopher

85. Kline, Richard

86. Klipstein, James

87. Lamberson, Shane

88. Leasure, Jason

89. Liller, Kenneth

90. Lindner, Daniel

91. Linn, Codey

92. Livengood, John

93. Logsdon, Brian

94. Lopatkiewicz, Seth

95. MacDonald, Katlynn

96. Mallow, Levi

97. Mathias, Heather

98. Mathias, Jennifer

99. May, Brittny

100. May, William III

101. McCoy, Ian

102. McCoy, Justin

103. McCusker, Shawn

104. McGorty, Tina

105. McGuire, Jeremy

106. Meller, Jeffrey

107. Merrill, Anthony

108. Merrill, Leslie

109. Michael, Eric

110. Middleton, Todd

111. Miller, Chris

112. Miller, Christopher

113. Miller, Cody

114. Miller, Daniel

115. Miller, Dylan

116. Miller, Marc

117. Miller, Tammy

118. Miller, Zachary

119. Moreland, Jenny

120. Morris, Matthew

121. Nichols, Joseph

122. Parker, Eric

123. Pearsall, Loyd

124. Penrod, Paul

125. Pietsch, Luke

126. Pluta, Megan

127. Pressman, Michael

128. Proud, Shannae

129. Raley, Jeffrey

130. Reeves, Bryan

131. Rice, Donald

132. Rice, Kevin

133. Roberts, Ellen

134. Rohrbaugh, Kaison

135. Rohrbaugh, Taven

136. Ross, Jared

137. Ross, Jarell

138. Roy, Brian

139. Ryan, Michael

140. Ryan, Tina

141. Schultz, Aaron

142. Seibert, Michael Jr.

143. Shanholtz, Robert

144. Shatzer, Daniel

145. Shillingburg, Matthew

146. Shobe, Heidi

147. Shoemaker, Tabitha

148. Simmons, Joshua

149. Smith, Kevin

150. Smith, Lisa

151. Snyder, Timothy

152. Steckman, Wayne

153. Stevanus, Samuel

154. Stevens, Krista

155. Stoner, Tobi

156. Stough, Ronald

157. Stump, Aaron

158. Thorne, John

159. Toll, Nicholle

160. Tummino, David

161. Wagus, Michael

162. Waites, Charles

163. Walker, Byron

164. Walker, Michael

165. Warnick, Tyler

166. Washington, James

167. Washington, Rowdy

168. Weaver, William

169. Wiland, Tyrell

170. Wimer, Danny

171. Windle, Scott

172. Wolford, Christopher

173. Wolford, Thomas

174. Wormack, Jason

Plaintiffs,

v.

THE UNITED STATES

Defendant

## **COMPLAINT**

1.      The plaintiffs are current and former employees employed by the defendant United States

Government at the U.S. Department of Justice, Bureau of Prisons, at the Federal Correctional

Institution ("FCI") Cumberland in Cumberland, Maryland (hereinafter "FCI Cumberland" or

"Institution").  Plaintiffs bring this action for a declaratory judgment, damages and other relief,

pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2) and 1491, 5 U.S.C. §§

5545(d), 5343(c)(4), 5596 (the Back Pay Act), and the overtime provisions of the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 207, to remedy the defendant's willful and unlawful violations of law complained of herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, 28 U.S.C. § 1331, 29 U.S.C. § 216(b), 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 5 U.S.C. § 5596, and 28 U.S.C. § 2501.  Venue is proper pursuant to 28 U.S.C. § 1402.


## PARTIES

3.      Plaintiff William Almond is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Materials Handler Supervisor, WS-4, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Almond has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Almond is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Almond worked in all housing units at FCI Cumberland, along with the Special Housing Unit, including those units used for quarantine.   Plaintiff Almond worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Almond never received any memos advising him of possible or actual exposure to the novel corona virus.

4.      Plaintiff Seth Amezcua is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Amezcua has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Amezcua is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Amezcua worked in the A, B, C, and D housing units at FCI Cumberland, along with the hospital wing.  Housing unit Bravo (B) 1 was the designated quarantine unit.   Plaintiff Amezcua worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Amezcua never received any memos advising him of possible or actual exposure to the novel corona virus.

5.     Plaintiff Reed Arnold is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Arnold has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Arnold is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Arnold worked in the food service unit at FCI Cumberland.  He also worked at the screening site, where inmates were tested for COVID-19.   Plaintiff Arnold worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Arnold received at least one memo advising him of possible or actual exposure to the novel corona virus.

6.     Plaintiff Aaron Arthur is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at FCI Cumberland.  At various times within the last six years, plaintiff Arthur has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Arthur is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Arthur worked in the Bravo-1 housing unit at FCI Cumberland, which was the

designated quarantine unit.   Plaintiff Arthur worked multiple overtime shifts, where he was

further exposed to the novel corona virus.  Plaintiff Arthur received at least one memo advising

him of possible or actual exposure to the novel corona virus.

7.      Plaintiff Nicholaus Baldwin is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Electronics Technician, GS-11, Step 3, at FCI Cumberland.  At various times

within the last six years, plaintiff Baldwin has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Baldwin is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Baldwin worked in the A, B, C, and D housing units at FCI

Cumberland, along with the Special Housing Unit.  The Bravo-1, SHU (Upper AD) and SHU

(Lower DS) were designated quarantine units.   Plaintiff Baldwin worked multiple overtime

shifts, where he was further exposed to the novel corona virus.  Plaintiff Baldwin received at

least one memo advising him of possible or actual exposure to the novel corona virus.

8.      Plaintiff John Beachy is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-7, Step 3, at FCI Cumberland.  At various times within the

last six years, plaintiff Beachy has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Beachy is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Beachy worked in the A, B, C, and D housing units at FCI Cumberland, along

with the Special Housing Unit.   Both the Bravo-1 housing unit and the Special Housing Unit were designated quarantine units at FCI Cumberland.  Plaintiff Beachy worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Beachy received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Beachy contracted COVID-19.

9.     Plaintiff Brian Beal is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Inventory Management Specialist, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Beal has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Beal is entitled to "hazardous duty pay" for each such day.

10.     Plaintiff Eric Beal is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Beal has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Beal is entitled to "hazardous duty pay" for each such day.

11.     Plaintiff Michael Beeman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade HVAC Foreman, WS-9, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Beeman has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Beeman is entitled to "environmental differential pay" for each such day.

12.     Plaintiff Shannon Biser is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Biser has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Biser is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Biser worked in the A, B, and D housing units at FCI Cumberland, along with the Special Housing Unit, Camp, and Medical units.   Both the Bravo-1 housing unit and the Special Housing Unit were designated quarantine units at FCI Cumberland.  Plaintiff Biser worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Biser received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Biser contracted COVID-19.

13.     Plaintiff Philip Boch is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Boch has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Boch is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Boch worked in all units at FCI Cumberland, along with the Special Housing Unit.   Both the Bravo-1 housing unit and the Special Housing Unit were designated quarantine units at FCI Cumberland.  Plaintiff Boch also worked in Receiving and Discharge and

the screening site, where he regularly came into contact with COVID-positive inmates. Plaintiff

Boch worked overtime in hospitals and performing prisoner transportation, where he was further

exposed to the novel corona virus. Plaintiff Boch received at least one memo advising him of

possible or actual exposure to the novel corona virus.

14.    Plaintiff Matthew Bolinger is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step10, at FCI Cumberland. At various times

within the last six years, plaintiff Bolinger has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Bolinger is entitled to "hazardous duty pay" for each such day.

15.    Plaintiff Steven Bonner is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade

Warehouse Worker Foreman, WS-4, Step 4, at FCI Cumberland. At various times within the last

six years, plaintiff Bonner has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Bonner is entitled to "environmental differential pay"

for each such day. At all times relevant herein, plaintiff Bonner worked in all units at FCI

Cumberland, along with the Special Housing Unit.   Both the Bravo-1 housing unit and the

Special Housing Unit were designated quarantine units at FCI Cumberland. He was required to

deliver commissary to every unit at the Institution, despite the fact that this task is not part of

operational functions for his position. Plaintiff Bonner worked overtime in hospitals and

performing prisoner transportation, where he was further exposed to the novel corona virus. He

was also sent to Washington, D.C. to assist during the protests.  Plaintiff Bonner never received

any memos advising him of possible or actual exposure to the novel corona virus.

16.     Plaintiff Joseph Booher, II is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Case Manager, GS-11, Step 8, at FCI Cumberland.  At various times within

the last six years, plaintiff Booher has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Booher is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Booher worked in the Camp and A, B, C, and D housing units at

FCI Cumberland, along with the Special Housing Unit.   Both the Bravo-1 housing unit and the

Special Housing Unit were designated quarantine units at FCI Cumberland.  Plaintiff Booher

also worked in Receiving and Discharge and the screening site, where he regularly came into

contact with COVID-positive inmates.  Plaintiff Booher worked overtime in hospitals and

performing prisoner transportation, where he was further exposed to the novel corona virus.

Plaintiff Booher received at least one memo advising him of possible or actual exposure to the

novel corona virus.

17.     Plaintiff Shane Booth is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Systems Officer, GS-8, Step10, at FCI Cumberland.  At various times

within the last six years, plaintiff Booth has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Booth is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Booth worked in all units at FCI Cumberland, along with the

14

Special Housing Unit.   Both the Bravo-1 housing unit and the Special Housing Unit were designated quarantine units at FCI Cumberland.  Plaintiff Booth also worked in Receiving and Discharge and the screening site, where he regularly came into contact with COVID-positive inmates.  Plaintiff Booth worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Booth received at least one memo advising him of possible or actual exposure to the novel corona virus.

18.     Plaintiff Kevin Brantner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Brantner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brantner is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Brantner worked in all units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit, which were designated quarantine units at FCI Cumberland.  Plaintiff Brantner worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Brantner received at least one memo advising him of possible or actual exposure to the novel corona virus.

19.     Plaintiff Cody Brenize is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Brenize has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

15

plaintiff Brenize is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Brenize worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Brenize worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Brenize received at least one memo advising him of possible or actual exposure to the novel corona virus.

20.     Plaintiff M. Brumage is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Cumberland.  At various times within the last six years, plaintiff Brumage has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brumage is entitled to "hazardous duty pay" for each such day.

21.     Plaintiff Jeremy Buckley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Buckley has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Buckley is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Buckley worked in the A and B housing units at FCI Cumberland.   He worked in the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Buckley worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel

16

corona virus.  Plaintiff Buckley received at least one memo advising him of possible or actual exposure to the novel corona virus.

22.     Plaintiff Chris Cannon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Cannon has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cannon is entitled to "hazardous duty pay" for each such day.

23.     Plaintiff Ralph Clark is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Clark has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Clark is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Brantner worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland. Plaintiff Clark also worked in Receiving and Discharge and the screening site, where he regularly came into contact with COVID-positive inmates.  Plaintiff Clark worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Clark received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Clark contracted COVID-19.

24.     Plaintiff Raymond Cosgrove is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Education Specialist, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Cosgrove has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cosgrove is entitled to "hazardous duty pay" for each such day.

25.     Plaintiff Jason Courtney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Courtney has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Courtney is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Courtney worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Courtney also worked in Receiving and Discharge and the screening site, where he regularly came into contact with COVID-positive inmates.  Plaintiff Courtney worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Courtney received at least one memo advising him of possible or actual exposure to the novel corona virus.

26.     Plaintiff Wade Cutter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Cumberland.  At various times within

18

the last six years, plaintiff Cutter has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Cutter is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Cutter worked in the G housing unit at FCI Cumberland.  He worked in the

Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI

Cumberland.  Plaintiff Cutter also worked in Receiving and Discharge and the screening site,

where he regularly came into contact with COVID-positive inmates.  Plaintiff Cutter worked

multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Cutter

received at least one memo advising him of possible or actual exposure to the novel corona virus.

27.     Plaintiff Jacob Dameron is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Sports Specialist, GS-9, Step 4, at FCI Cumberland.  At various times within the last

six years, plaintiff Dameron has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Dameron is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Dameron worked in the A and B housing units at FCI Cumberland, along with

the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing

Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.

Plaintiff Dameron never received any memos advising him of possible or actual exposure to the

novel corona virus.

28.     Plaintiff Jason Daugherty is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Cumberland.  At various times

within the last six years, plaintiff Daugherty has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Daugherty is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Daugherty worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit and Health Services.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Daughterty worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Daugherty received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Daugherty contracted COVID-19.

29.     Plaintiff Jeffrey Davison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Drug Abuse Treatment Specialist, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Davison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davison is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Davison worked in the D housing unit at FCI Cumberland, along with the Special Housing Unit.  The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Davison worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Davison received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Davison contracted COVID-19.

30.     Plaintiff Sandy Dawson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Dawson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dawson is entitled to "hazardous duty pay" for each such day.

31.     Plaintiff Robert Dawson, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Dawson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dawson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Dawson worked in the D housing unit at FCI Cumberland, along with the Special Housing Unit and Health Services.   He worked in the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland. Plaintiff Dawson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Dawson received at least one memo advising him of possible or actual exposure to the novel corona virus.

32.     Plaintiff Jordelle Dela Rama is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Dela Rama has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore,

as detailed below, plaintiff Dela Rama is entitled to "hazardous duty pay" for each such day.  At

all times relevant herein, plaintiff Dela Rama worked in the B and C housing units at FCI

Cumberland.   Specifically, she worked in the Bravo-1 housing unit, which was a designated

quarantine unit at FCI Cumberland.  Plaintiff Dela Rama worked multiple overtime shifts, where

she was further exposed to the novel corona virus.    She was also sent on TDY to FCC Butner,

where she was assigned to the quarantine unit at that facility.  Plaintiff Dela Rama received at

least one memo advising her of possible or actual exposure to the novel corona virus, and

plaintiff Dela Rama contracted COVID-19.

33.     Plaintiff Hobert Delph is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the

last six years, plaintiff Delph has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Delph is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Delph worked in the A, B, C, and D housing units at FCI Cumberland.

Specifically, he worked in the Bravo-1 housing unit, which was a designated quarantine unit at

FCI Cumberland.  Plaintiff Delph worked multiple overtime shifts, where he was further exposed

to the novel corona virus.  Plaintiff Delph never received any memos advising him of possible or

actual exposure to the novel corona virus, and plaintiff Delph contracted COVID-19.

34.     Plaintiff James Deremer is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Recreation Supervisor, GS-11, Step 10, at FCI Cumberland.  At various times within

the last six years, plaintiff Deremer has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Deremer is entitled to "hazardous duty pay" for each such day.

35.     Plaintiff Wendy Detrick is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Detrick has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Detrick is entitled to "hazardous duty pay" for each such day.

36.     Plaintiff Christopher DeVore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff DeVore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff DeVore is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff DeVore worked in the A, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland. Plaintiff DeVore worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff DeVore never received any memos advising him of possible or actual exposure to the novel corona virus.

37.     Plaintiff Ty Divelbliss is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Cumberland.  At various times within

23

the last six years, plaintiff Divelbliss has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Divelbliss is entitled to "hazardous duty pay" for each such day.

38.    Plaintiff John Donitzen is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Donitzen has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Donitzen is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Donitzen worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Donitzen worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Between April 4, 2020, and May 12, 2020, Plaintiff Donitzen used sick leave in an attempt to keep his immunocompromised wife from getting the virus, since staff at FCI Cumberland had not been provided with masks.  Plaintiff Donitzen received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Donitzen contracted COVID-19.

39.    Plaintiff Benjamin Dorsey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Dorsey has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

24

detailed below, plaintiff Dorsey is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Dorsey worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Dorsey worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Dorsey received at least one memo advising him of possible or actual exposure to the novel corona virus.

40.    Plaintiff Terence Dunn is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Dunn has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dunn is entitled to "hazardous duty pay" for each such day.

41.    Plaintiff Michael Duran is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Lieutenant, GS-11, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Duran has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Duran is entitled to "hazardous duty pay" for each such day.

42.    Plaintiff William Durrence is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Unit Secretary, GS-6, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Durrence has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Durrence is entitled to "hazardous duty pay" for each such day.

43.     Plaintiff Shane DuVall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Counselor, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff DuVall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff DuVall is entitled to "hazardous duty pay" for each such day.

44.     Plaintiff Robert Easton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Easton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Easton is entitled to "hazardous duty pay" for each such day.

45.     Plaintiff Chris Fazenbaker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Fazenbaker has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Fazenbaker is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Fazenbaker worked in the Food Service unit at FCI Cumberland, along with the Special Housing Unit and Health Services. Specifically, he worked in the Special Housing Unit (Upper AD and Lower DS), which were

designated quarantine units at FCI Cumberland.  Plaintiff Fazenbaker worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Fazenbaker received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Fazenbaker contracted COVID-19.

46.     Plaintiff Jodi Fazenbaker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Manager, GS-12, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Fazenbaker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fazenbaker is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fazenbaker worked in the A and B housing units at FCI Cumberland.  The Bravo-1 housing unit was a designated quarantine units.  Plaintiff Fazenbaker received at least one memo advising her of possible or actual exposure to the novel corona virus.

47.     Plaintiff William Fiordelise is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step1, at FCI Cumberland.  At various times within the last six years, plaintiff Fiordelise has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fiordelise is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fiordelise worked in the A, B, C, and D housing units at FCI Cumberland, along with the Medical Unit.   Specifically, he worked in both the Bravo-1 housing unit, which was a designated quarantine unit at FCI Cumberland.  Plaintiff Fiordelise worked overtime in hospitals and performing prisoner transportation, where he was further exposed to

27

the novel corona virus.  Plaintiff Fiordelise never received any memos advising him of possible or actual exposure to the novel corona virus.

48.     Plaintiff Jeremiah Fontaine is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Trust Fund Specialist, GS-4, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Fontaine has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fontaine is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fontaine worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Fontaine worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Fontaine received at least one memo advising him of possible or actual exposure to the novel corona virus.

49.     Plaintiff Gary Freeman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Freeman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Freeman is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Freeman worked in the A and B housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.

28

Plaintiff Freeman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Freeman received at least one memo advising him of possible or actual exposure to the novel corona virus.

50.     Plaintiff Alacyn Frenzel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Frenzel has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Frenzel is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Frenzel worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit and Food Services.   She worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  As part of her job in Food Services, Plaintiff Frenzel delivered trays to all units in both the Camp and FCI, then handled dirty trays from the quarantine/isolation units.  Additionally, she was mandated to custody posts. Plaintiff Frenzel worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Plaintiff Frenzel received at least one memo advising her of possible or actual exposure to the novel corona virus.

51.     Plaintiff Jessie Frenzel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Frenzel has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Frenzel is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Frenzel worked in the Camp and A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit and Food Services. He worked in both the Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  As part of his job in Food Services, Plaintiff Frenzel delivered trays to all units in both the Camp and FCI, then handled dirty trays from the quarantine/isolation units.  Plaintiff Frenzel worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Frenzel never received any memos advising him of possible or actual exposure to the novel corona virus.

52.    Plaintiff Brent Fuller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Fuller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fuller is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fuller worked in the A housing unit at FCI Cumberland, along with the Special Housing Unit.   He worked in the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Fuller also worked in Receiving and Discharge, where he regularly came into contact with COVID-positive inmates. Plaintiff Fuller worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Fuller received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Fuller contracted COVID-19.

30

53.     Plaintiff Joshua Gank is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Worker Foreman, WS-8, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Gank has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Gank is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Gank worked all housing units at FCI Cumberland, along with the Special Housing Unit.   He worked in the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  His position in maintenance brought him into contact with every area in the Institution.  Plaintiff Gank worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Gank received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Gank contracted COVID-19.

54.     Plaintiff Richard Godlove is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Godlove has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Godlove is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Godlove worked at the screening site in the front lobby and as a medical escort.  Plaintiff Godlove worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Godlove

received at least one memo advising him of possible or actual exposure to the novel corona virus,

and plaintiff Godlove contracted COVID-19.

55.     Plaintiff Gregory Goss is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Material Handler Supervisor, WS-4, Step 4, at FCI Cumberland.  At various times within the last

six years, plaintiff Goss has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Goss is entitled to "environmental differential pay" for

each such day.  At all times relevant herein, plaintiff Goss worked the A, B, C, and D housing

units at FCI Cumberland, along with the Special Housing Unit.   He worked in the Bravo-1

housing unit and the Special Housing Unit (Upper AD and Lower DS), which were designated

quarantine units at FCI Cumberland.  Plaintiff Goss never received any memos advising him of

possible or actual exposure to the novel corona virus.

56.     Plaintiff Robert Gray, Jr. is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Case Manager, GS-9, Step 6, at FCI Cumberland.  At various times within the last six

years, plaintiff Gray has been required to perform duties involving unusual physical hardship and

hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Gray is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff

Gray worked in the Camp all housing units at FCI Cumberland, along with the Special Housing

Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were

designated quarantine units.  Plaintiff Gray also worked in Receiving and Discharge, where he

was exposed to COVID-positive inmates and staff.  Plaintiff Gray worked overtime in hospitals

and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Gray received at least one memo advising him of possible or actual exposure to the novel corona virus.

57.     Plaintiff Bradley Greely is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Greely has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Greely is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Greely worked the A-1 housing unit at FCI Cumberland, along with the Special Housing Unit.   He worked in the Special Housing Unit (Upper AD and Lower DS), which were designated quarantine units at FCI Cumberland.  Plaintiff Greely worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Greely never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Greely contracted COVID-19.

58.     Plaintiff David Growden is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade HVAC Supervisor, WS-9, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Growden has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Growden is entitled to "environmental differential pay" for each such day.

59.     Plaintiff Claudia Guerrero is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Financial Program Specialist, GS-9, Step 6, at FCI Cumberland.  At various times within the last six years, plaintiff Guerrero has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Guerrero is entitled to "hazardous duty pay" for each such day.

60.     Plaintiff Eric Hagelin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Hagelin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hagelin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hagelin worked in the Special Housing Unit at FCI Cumberland. The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Hagelin worked multiple overtime shifts, where he was further exposed to the novel corona virus.   Plaintiff Hagelin never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Hagelin contracted COVID-19.

61.     Plaintiff Corey Hanlin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Hanlin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hanlin is entitled to "hazardous duty pay" for each such day.

62.     Plaintiff Robert Hansrote is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-8, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Hansrote has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hansrote is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hansrote worked in the B housing unit at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Hansrote worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Hansrote never received any memos advising him of possible or actual exposure to the novel corona virus.

63.     Plaintiff Penni Hardman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Accounting Technician, GS-5, Step 0, at FCI Cumberland.  At various times within the last six years, plaintiff Hardman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hardman is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hardman worked in the C housing unit at FCI Cumberland.   Plaintiff Hardman also worked at the screening site, where she regularly came into contact with COVID-positive inmates and staff.  Plaintiff Hardman received at least one memo advising her of possible or actual exposure to the novel corona virus.

64.     Plaintiff Greg Harper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Harper has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harper is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Harper worked in the Special Housing Unit and Receiving and Discharge.   The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Harper worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Harper never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Harper contracted COVID-19.

65.     Plaintiff Ryan Harper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Unicor Foreman, WS-8, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Harper has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Harper is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Harper worked in the B-2 housing unit at FCI Cumberland.   Plaintiff Harper worked multiple overtime shifts, where he was further exposed to the novel corona virus.   Plaintiff Harper received at least one memo advising him of possible or actual exposure to the novel corona virus.

66.     Plaintiff Michael Henderson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Henderson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Henderson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Henderson worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Henderson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Henderson received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Henderson contracted COVID-19.

67.     Plaintiff Brandon Heselback is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Heselback has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Heselback is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Heselback worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Heselback worked overtime in hospitals and performing prisoner transportation, where he was

further exposed to the novel corona virus.   Plaintiff Heselback received at least one memo advising him of possible or actual exposure to the novel corona virus.

68.     Plaintiff Jacob Hinton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Hinton has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hinton is entitled to "environmental differential pay" for each such day.

69.     Plaintiff Renee Hipkiss is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Associate Warden's Secretary, GS-7, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Hipkiss has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hipkiss is entitled to "hazardous duty pay" for each such day.

70.     Plaintiff Terry Hipkiss is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Communications Technician, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Hipkiss has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hipkiss is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hipkiss worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and Special Housing Unit (Upper AD

and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Hipkiss worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   In addition, plaintiff Hipkiss was sent on TDY to MDC Brooklyn, which had an extremely severe outbreak of COVID-19.  Plaintiff Hipkiss received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Hipkiss contracted COVID-19.

71.     Plaintiff Kevin Howser is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Vocational Instructor, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Howser has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Howser is entitled to "hazardous duty pay" for each such day.

72.     Plaintiff Johnny Hull is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule VT Instructor, GS-9, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Hull has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hull is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hull worked in the A and D housing units at FCI Cumberland, along with the Special Housing Unit. The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Hull also worked the screening site, where he was exposed to COVID-positive inmates and staff.  Plaintiff Hull never received any memos advising him of possible or actual exposure to the novel corona virus.

73.     Plaintiff Shawn Hunt is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Hunt has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hunt is entitled to "hazardous duty pay" for each such day.

74.     Plaintiff Harold Hyson, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Hyson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hyson is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Hyson worked in the Food Service unit at FCI Cumberland, which brought him into contact with all units in the Institution.  Plaintiff Hyson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Hyson never received any memos advising him of possible or actual exposure to the novel corona virus.

75.     Plaintiff Edward Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

76.     Plaintiff Kayla Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Captain's Secretary, GS-6, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Jones has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jones is entitled to "hazardous duty pay" for each such day.

77.     Plaintiff Sean Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 7, at FCI Cumberland.  At various times within the last six years, plaintiff Jones has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Jones is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Jones worked in the B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Jones worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Jones received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Jones contracted COVID-19.

78.     Plaintiff Todd Kasecamp is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Garage Foreman, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Kasecamp has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Kasecamp is entitled to "environmental differential pay"

for each such day.  At all times relevant herein, plaintiff Kasecamp worked in all housing units at

FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and Special

Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.

Plaintiff Kasecamp worked multiple overtime shifts, where he was further exposed to the novel

corona virus.   Plaintiff Kasecamp received at least one memo advising him of possible or actual

exposure to the novel corona virus, and plaintiff Kasecamp contracted COVID-19.

79.     Plaintiff David Kenner is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Materials Handler Supervisor, WS-4, Step 5, at FCI Cumberland.  At various times within the

last six years, plaintiff Kenner has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Kenner is entitled to "environmental differential pay"

for each such day.

80.     Plaintiff Tyler Kenney is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Materials Handler Supervisor, WS-4, Step 5, at FCI Cumberland.  At various times within the

last six years, plaintiff Kenney has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Kenney is entitled to "environmental differential pay"

for each such day.  At all times relevant herein, plaintiff Kenney did laundry collection and

delivery for all housing units at FCI Cumberland, along with the Special Housing Unit.   The

Bravo-1 housing unit and Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Kenney worked multiple overtime shifts, where he was further exposed to the novel corona virus.   Plaintiff Kenney never received any memos advising him of possible or actual exposure to the novel corona virus.

81.    Plaintiff Breon Kerling is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Kerling has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kerling is entitled to "hazardous duty pay" for each such day.

82.    Plaintiff Zachari Kerns is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 7, at FCI Cumberland.  At various times within the last six years, plaintiff Kerns has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kerns is entitled to "hazardous duty pay" for each such day.

83.    Plaintiff Douglas King is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff King has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff King is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff King worked in the D-2 housing unit at FCI Cumberland.  This housing unit is for the

Residential Drug Abuse Treatment Program, and had a very high rate of COVID-positive cases. At one point, 105 out of 125 inmates were positive for COVID-19.  Plaintiff King's situation was made even more severe due to his diabetes, which put him at increased risk for complications due to COVID-19.  Plaintiff King received at least one memo advising him of possible or actual exposure to the novel corona virus.

84.     Plaintiff Michael Kiser is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCI Cumberland.  At various times within the last six years, plaintiff Kiser has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kiser is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kiser worked in the Camp housing units at FCI Cumberland, along with the Special Housing Unit.   The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Kiser worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Kiser never received any memos advising him of possible or actual exposure to the novel corona virus.

85.     Plaintiff Ellen Kitzmiller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Drug Treatment Specialist, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Kitzmiller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kitzmiller is entitled to "hazardous duty pay" for each such day.

86.     Plaintiff Christopher Klepitch is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 7, at FCI Cumberland.  At various times within the last six years, plaintiff Klepitch has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Klepitch is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Klepitch worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Klepitch also worked the screening site, where he was exposed to COVID-positive inmates and staff.  Plaintiff Klepitch worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Klepitch never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Klepitch contracted COVID-19.

87.     Plaintiff Richard Kline is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCI Cumberland.  At various times within the last six years, plaintiff Kline has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kline is entitled to "hazardous duty pay" for each such day.

88.     Plaintiff James Klipstein is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 10, at FCI Cumberland.  At various times

within the last six years, plaintiff Klipstein has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Klipstein is entitled to "hazardous duty pay" for each such day.

89.   Plaintiff Shane Lamberson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCI Cumberland.  At various times within the last six years, plaintiff Lamberson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lamberson is entitled to "hazardous duty pay" for each such day.

90.   Plaintiff Jason Leasure is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Food Service Warehouse Technician, WS-3, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Leasure has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Leasure is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Leasure worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Leasure also worked the screening site, where he was exposed to COVID-positive inmates and staff.  Plaintiff Leasure worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Leasure received at least one memo advising him of possible or actual exposure to the novel corona virus.

91.     Plaintiff Kenneth Liller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Liller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Liller is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Liller worked in the A, B, C, D, P, and G housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Liller also worked the screening site and Receiving and Discharge, where he was exposed to COVID-positive inmates and staff.  Plaintiff Liller worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Liller received at least one memo advising him of possible or actual exposure to the novel corona virus.

92.     Plaintiff Daniel Lindner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Special Investigative Services Technician, GS-8, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Lindner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lindner is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Lindner worked in the B housing unit at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.

47

Plaintiff Lindner worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Lindner received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Lindner contracted COVID-19.

93.     Plaintiff Codey Linn is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Technician, WS-8, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Linn has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Linn is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Linn worked in the B housing unit at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Linn worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Linn never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Linn contracted COVID-19.

94.     Plaintiff John Livengood is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Materials Handler Supervisor, WS-4, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Livengood has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Livengood is entitled to "environmental differential

pay" for each such day.  At all times relevant herein, plaintiff Livengood worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit and Health Services Isolation.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Livengood worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Livengood never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Livengood contracted COVID-19.

95.     Plaintiff Brian Logsdon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Pipefitter Supervisor, WS-9, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Logsdon has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Logsdon is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Logsdon worked in the A, B, C, D, P, and G housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Logsdon worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Logsdon received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Logsdon contracted COVID-19.

96.     Plaintiff Seth Lopatkiewicz is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at FCI Cumberland.  At various times

within the last six years, plaintiff Lopatkiewicz has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lopatkiewicz is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Lopatkiewicz worked in the A, B, and C housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Lopatkiewicz worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.   Plaintiff Lopatkiewicz received at least one memo advising him of possible or actual exposure to the novel corona virus.

97.    Plaintiff Katlynn MacDonald is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Materials Handler Supervisor, WS-4, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff MacDonald has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff MacDonald is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff MacDonald worked in all housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff MacDonald worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Additionally, plaintiff MacDonald was deployed to Washington D.C. to help with the protests in June 2020.   Plaintiff MacDonald received at least one phone call advising her of possible or actual exposure to the novel corona virus.

98.     Plaintiff Levi Mallow is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Silk Screen Supervisor, WS-8, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Mallow has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Mallow is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Mallow worked in the B-2 housing unit at FCI Cumberland.   Plaintiff Mallow worked multiple overtime shifts, where he was further exposed to the novel corona virus.   Plaintiff Mallow received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Mallow contracted COVID-19.

99.     Plaintiff Heather Mathias is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Food Service Administrative Assistant, GS-6, Step 8, at FCI Cumberland.  Prior to August 29, 2021, plaintiff Mathias was a Senior Correctional Officer at FCI Cumberland.  At various times within the last six years, plaintiff Mathias has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mathias is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mathias worked in the Camp and the A, B, and D housing units at FCI Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Mathias also worked at the screening site, where she was exposed to COVID-positive inmates and staff.  Additionally, plaintiff Mathias worked as a Count Officer,

which brought her into contact with every inmate housed at the Institution.  Plaintiff Mathias

worked overtime in hospitals and performing prisoner transportation, where she was further

exposed to the novel corona virus.  Plaintiff Mathias received at least one phone call advising her

of possible or actual exposure to the novel corona virus, and plaintiff Mathias contracted

COVID-19.

100.    Plaintiff Jennifer Mathias is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Facilities Assistant, GS-7, Step 8, at FCI Cumberland.  At various times within

the last six years, plaintiff Mathias has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Mathias is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Mathias completed notary work in all housing units at FCI

Cumberland, along with the Special Housing Unit.   The Bravo-1 housing unit and the Special

Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.

Plaintiff Mathias also conducted screenings of all inmates working in the facilities department on

a daily basis.  Plaintiff Mathias received at least one phone call advising her of possible or actual

exposure to the novel corona virus, and plaintiff Mathias contracted COVID-19.

101.    Plaintiff Brittny May is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Correctional Treatment Specialist, Case Manager, GS-9, Step 4, at FCI Cumberland.

At various times within the last six years, plaintiff May has been required to perform duties

involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and

therefore, as detailed below, plaintiff May is entitled to "hazardous duty pay" for each such day.

At all times relevant herein, plaintiff May worked in the Bravo 1, Bravo 2, and Charlie 1 housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff May also worked at the screening site and Receiving and Discharge, where she was exposed to COVID-positive inmates and staff.  Plaintiff May received at least one memo advising her of possible or actual exposure to the novel corona virus

102.    Plaintiff William May, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 6, at FCI Cumberland.  At various times within the last six years, plaintiff May has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff May is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff May worked in the A-1, B-1, B-2, C-1, C-2, and D-1 housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff May worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff May received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff May contracted COVID-19.

103.    Plaintiff Ian McCoy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff McCoy has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCoy is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McCoy worked in the A, B, and D housing units at FCI Cumberland, along with Bravo 1, SHU Upper AD, SHU Lower DS.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff McCoy also worked at the screening site, where he was exposed to COVID-positive inmates and staff.  Plaintiff McCoy worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff McCoy received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff McCoy contracted COVID-19.

104.    Plaintiff Justin McCoy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff McCoy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCoy is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McCoy worked in the A, B, C, and D housing units at FCI Cumberland.  The Bravo-1 housing unit was a designated quarantine unit at FCI Cumberland.  Plaintiff McCoy worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff McCoy never received any memos advising him of possible or actual exposure to the novel corona virus.

105.    Plaintiff Shawn McCusker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff McCusker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCusker is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff McCusker worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff McCusker worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff McCusker never received any memos advising him of possible or actual exposure to the novel corona virus.

106.    Plaintiff Tina McGorty is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff McGorty has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McGorty is entitled to "hazardous duty pay" for each such day.

107.    Plaintiff Jeremy McGuire is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff McGuire has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McGuire is entitled to "hazardous duty pay" for each such day.

108.    Plaintiff Jeffrey Meller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Special Housing Unit Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Meller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Meller is entitled to "hazardous duty pay" for each such day.

109.    Plaintiff Anthony Merrill is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Merrill has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Merrill is entitled to "hazardous duty pay" for each such day.

110.    Plaintiff Leslie Merrill is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Medication Technician, GS-6, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Merrill has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Merrill is entitled to "hazardous duty pay" for each such day.

111.    Plaintiff Eric Michael is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Michael has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Michael is entitled to "hazardous duty pay" for each such day.

112.    Plaintiff Todd Middleton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Assistant Security Officer, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Middleton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Middleton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Middleton worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Middleton also worked at the screening site and Receiving and Discharge, where he was exposed to COVID-positive inmates and staff.  Plaintiff Middleton worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Middleton never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Middleton contracted COVID-19.

113.    Plaintiff Chris Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Powerhouse Foreman, WS-8, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Miller is entitled to "environmental differential pay" for each such day.

114.    Plaintiff Christopher Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Electrical Foreman, WS-9, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Miller is entitled to "environmental differential pay" for each such day.

115.    Plaintiff Cody Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-9, Step 6, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day.

116.    Plaintiff Daniel Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day.

117.    Plaintiff Dylan Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Miller worked in the B housing unit at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Miller worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Miller received at least one memo advising him of possible or actual exposure to the novel corona virus.

118.   Plaintiff Marc Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Sports Specialist, GS-9, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Miller worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Miller also worked at the screening site and Receiving and Discharge, where he was exposed to COVID-positive inmates and staff.  Plaintiff Miller worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Miller received at least one memo advising him of possible or actual exposure to the novel corona virus.

119.   Plaintiff Tammy Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Unit Secretary/Executive Secretary, GS-7, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Miller worked in the Camp and G and P housing units at FCI Cumberland. Plaintiff Miller received at least one memo advising her of possible or actual exposure to the novel corona virus.

120.    Plaintiff Zachary Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day.

121.    Plaintiff Jenny Moreland is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Moreland has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Moreland is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Moreland worked in Food Service at FCI Cumberland.  Plaintiff Moreland also worked at the screening site, where she was exposed to COVID-positive inmates and staff.  Plaintiff Moreland worked multiple overtime shifts, where

she was further exposed to the novel corona virus. Plaintiff Moreland never received any memos advising her of possible or actual exposure to the novel corona virus.

122.    Plaintiff Matthew Morris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Morris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Morris is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Morris worked in the A, B, C, and D housing units at FCI Cumberland.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Morris worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Morris received at least one memo advising him of possible or actual exposure to the novel corona virus.

123.    Plaintiff Joseph Nichols is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Nichols has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Nichols is entitled to "hazardous duty pay" for each such day.

124.    Plaintiff Eric Parker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Parker has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Parker is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Parker worked in the A, B, and D housing units at FCI Cumberland, along with the Special Housing Unit. The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Parker worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Parker received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Parker contracted COVID-19.

125.    Plaintiff Loyd Pearsall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Assistant Health Services Administrator, GS-11, Step 6, at FCI Cumberland. At various times within the last six years, plaintiff Pearsall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pearsall is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Pearsall worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit. The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Pearsall also worked at the screening site and Receiving and Discharge, where he was exposed to COVID-positive inmates and staff. Plaintiff Pearsall worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.

126.    Plaintiff Paul Penrod is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General

Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Penrod has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Penrod is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Penrod worked in the B housing unit at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Penrod worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Penrod received at least one memo advising him of possible or actual exposure to the novel corona virus.

127.    Plaintiff Luke Pietsch is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule IT Specialist, GS-9, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Pietsch has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pietsch is entitled to "hazardous duty pay" for each such day.

128.    Plaintiff Megan Pluta is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Time and Attendance Clerk, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Pluta has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pluta is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Pluta worked in the B housing unit at FCI Cumberland. The Bravo-1

housing unit was a designated quarantine units at FCI Cumberland.  Plaintiff Pluta received at

least one memo advising her of possible or actual exposure to the novel corona virus.

129.    Plaintiff Michael Pressman is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Special Learning Needs Teacher, GS-11, Step 5, at FCI Cumberland.  At

various times within the last six years, plaintiff Pressman has been required to perform duties

involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and

therefore, as detailed below, plaintiff Pressman is entitled to "hazardous duty pay" for each such

day.

130.    Plaintiff Shannae Proud is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Sports Specialist, GS-9, Step 10, at FCI Cumberland.  At various times within the last

six years, plaintiff Proud has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Proud is entitled to "hazardous duty pay" for each such day. At all times relevant herein,

plaintiff Proud worked in the A, B, C, and D housing units at FCI Cumberland.  The Bravo-1

housing unit was a designated quarantine units at FCI Cumberland. Plaintiff Proud never

received any memos advising her of possible or actual exposure to the novel corona virus.

131.    Plaintiff Jeffrey Raley is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Acting Business Administrator, GS-11, Step 10, at FCI Cumberland.  At various times

within the last six years, plaintiff Raley has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Raley is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Raley worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Raley also worked at the screening site, where he was exposed to COVID-positive inmates and staff. Plaintiff Raley received at least one memo advising him of possible or actual exposure to the novel corona virus.

132.    Plaintiff Bryan Reeves is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Unit Secretary, GS-6, Step 7, at FCI Cumberland.  At various times within the last six years, plaintiff Reeves has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Reeves is entitled to "hazardous duty pay" for each such day.

133.    Plaintiff Donald Rice is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Rice has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rice is entitled to "hazardous duty pay" for each such day.

134.    Plaintiff Kevin Rice is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Rice has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rice is entitled to "hazardous duty pay" for each such day.

135.    Plaintiff Ellen Roberts is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Supervisory Correctional Systems Specialist, GS-11, Step 9, at FCI Cumberland.  At various times within the last six years, plaintiff Roberts has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Roberts is entitled to "hazardous duty pay" for each such day.

136.    Plaintiff Kaison Rohrbaugh is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Rohrbaugh has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rohrbaugh is entitled to "hazardous duty pay" for each such day.

137.    Plaintiff Taven Rohrbaugh is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Rohrbaugh has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rohrbaugh is entitled to "hazardous duty pay" for each such day.

138.    Plaintiff Jared Ross is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Senior Officer Specialist, GS-7, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Ross has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ross is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ross worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Ross also worked at the screening site and in Receiving and Discharge, where he was exposed to COVID-positive inmates and staff.  Plaintiff Ross worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Ross received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Ross contracted COVID-19.

139.    Plaintiff Jarell Ross is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Sports Specialist, GS-9, Step 4, at FCI Cumberland.  At various times within the last six years, plaintiff Ross has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ross is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ross worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Ross never received any memos advising him of possible or actual exposure to the novel corona virus.

140.    Plaintiff Brian Roy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Electric Foreman, WS-9, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Roy has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Roy is entitled to "environmental differential pay" for each such day.

141.    Plaintiff Michael Ryan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Ryan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ryan is entitled to "hazardous duty pay" for each such day.

142.    Plaintiff Tina Ryan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Ryan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ryan is entitled to "hazardous duty pay" for each such day.

143.    Plaintiff Aaron Schultz is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Materials Handler Supervisor, WS-4, Step 3, at FCI Cumberland.  At various times within the last six years, plaintiff Schultz has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Schultz is entitled to "environmental differential pay" for each such day.

144.    Plaintiff Michael Seibert, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCI Cumberland.  At various times within the last six years, plaintiff Seibert has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Seibert is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Seibert worked in the A and C housing units at FCI Cumberland, along with the Special Housing Unit.  The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Seibert worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Seibert never received any memos advising him of possible or actual exposure to the novel corona virus.

145.    Plaintiff Robert Shanholtz is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Financial Specialist, GS-9, Step 9, at FCI Cumberland.  At various times within the last six years, plaintiff Shanholtz has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shanholtz is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Shanholz worked in the B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Shanholtz worked overtime in hospitals and performing prisoner transportation, where he was further

exposed to the novel corona virus.  Plaintiff Shanholtz received at least one memo advising him

of possible or actual exposure to the novel corona virus, and plaintiff Shanholtz contracted

COVID-19.

146.    Plaintiff Daniel Shatzer is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the

last six years, plaintiff Shatzer has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Shatzer is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Shatzer worked in various housing units (including Bravo-1) at FCI Cumberland,

along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit

(Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff

Shatzer worked multiple overtime shifts, where he was further exposed to the novel corona virus.

Plaintiff Shatzer never received any memos advising him of possible or actual exposure to the

novel corona virus.

147.    Plaintiff Matthew Shillingburg is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times

within the last six years, plaintiff Shillingburg has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore,

as detailed below, plaintiff Shillingburg is entitled to "hazardous duty pay" for each such day.

148.    Plaintiff Heidi Shobe is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Case Manager, GS-11, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Shobe has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shobe is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Shobe worked in the D housing unit at FCI Cumberland.  Plaintiff Shobe also had to visit inmates in her assigned caseload in housing unit Bravo-1 and the Special Housing Unit (upper AD and lower DS), which were designated quarantine units.  Plaintiff Shobe also worked at the screening site and in Receiving and Discharge, where she was exposed to COVID-positive inmates and staff.  Plaintiff Shobe received at least one memo advising him of possible or actual exposure to the novel corona virus.

149.    Plaintiff Tabitha Shoemaker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Sports Specialist, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Shoemaker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shoemaker is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Shoemaker worked in all housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Ross worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Plaintiff Shoemaker never received any memos advising her of possible or actual exposure to the novel corona virus.

150.    Plaintiff Joshua Simmons is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Re-entry Affairs Coordinator, GS-11, Step 9, at FCI Cumberland.  At various times within the last six years, plaintiff Simmons has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Simmons is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Simmons worked in the A, B, C, and D housing units at FCI Cumberland.  The Bravo-1 housing unit was a designated quarantine units.  Plaintiff Simmons also worked at the screening site, where he was exposed to COVID-positive inmates and staff. Despite having documentation from his primary care physician showing that he suffered from several underlying health conditions, plaintiff Simmons was augmented to food services, where social distancing was impossible.  Plaintiff Simmons never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Simmons contracted COVID-19.

151.    Plaintiff Kevin Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Smith worked in the Camp and all housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Smith also

worked at the screening site and in Receiving and Discharge, where he was exposed to COVID-positive inmates and staff.  Plaintiff Smith worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Smith received at least one memo advising him of possible or actual exposure to the novel corona virus.

152.    Plaintiff Lisa Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Smith worked in the Camp, along with the Special Housing Unit.  The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Smith also worked at the screening site and in Receiving and Discharge, where she was exposed to COVID-positive inmates and staff.  Plaintiff Smith worked multiple overtime shifts, including shifts in which inmates in her caseload were housed in the Health Services wing, where she was further exposed to the novel corona virus.  Plaintiff Smith received at least one memo advising her of possible or actual exposure to the novel corona virus.

153.    Plaintiff Timothy Snyder is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Supervisor, WS-8, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Snyder has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Snyder is entitled to "environmental differential pay"

for each such day.  At all times relevant herein, plaintiff Snyder worked in all housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Snyder worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Additionally, plaintiff Snyder was sent on TDY to facilities in California, Washington, D.C., and New Orleans, increasing his exposure exponentially.  Plaintiff Snyder received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Snyder contracted COVID-19.

154.    Plaintiff Wayne Steckman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Front Lobby Receptionist, GS-7, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Steckman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Steckman is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Steckman worked in the B housing unit at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff Steckman also worked at the screening site, where he was exposed to COVID-positive inmates and staff.  Plaintiff Steckman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Steckman received at least one memo advising him of possible or actual exposure to the novel corona virus.

155.    Plaintiff Samuel Stevanus is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Cumberland. At various times within the last six years, plaintiff Stevanus has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stevanus is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stevanus worked in all housing units at FCI Cumberland, along with the Special Housing Unit. The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Stevanus worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Stevanus received at least one memo advising him of possible or actual exposure to the novel corona virus.

156.     Plaintiff Krista Stevens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Officer, GS-8, Step 9, at FCI Cumberland. At various times within the last six years, plaintiff Stevens has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stevens is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stevens worked in all housing units at FCI Cumberland, along with the Special Housing Unit. The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units. Plaintiff Stevens worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Stevens received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Stevens contracted COVID-19.

157.    Plaintiff Tobi Stoner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Stoner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stoner is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Stoner worked in all housing units at FCI Cumberland, including the Bravo-1 housing unit, which was a designated quarantine unit.  Plaintiff Stoner worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Stoner received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Stoner contracted COVID-19.

158.    Plaintiff Ronald Stough is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 9, at FCI Cumberland.  At various times within the last six years, plaintiff Stough has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stough is entitled to "hazardous duty pay" for each such day.

159.    Plaintiff Aaron Stump is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Stump has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stump is entitled to "hazardous duty pay" for each such day.

160.    Plaintiff John Thorne is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Lieutenant, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Thorne has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Thorne is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Thorne worked in all housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  As an Operations Lieutenant, plaintiff Thorne had to make rounds in all areas of the Institution, including Receiving and Discharge and the screening site.  Plaintiff Thorne never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Thorne contracted COVID-19.

161.    Plaintiff Nicholle Toll is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Warehouse Foreman, WS-4, Step 5, at FCI Cumberland.  At various times within the last six years, plaintiff Toll has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Toll is entitled to "environmental differential pay" for each such day.

162.    Plaintiff David Tummino is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 6, at FCI Cumberland.  At various times within the last six years, plaintiff Tummino has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tummino is entitled to "hazardous duty pay" for each such day.

163.    Plaintiff Michael Wagus is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-9, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Wagus has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wagus is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wagus worked in the C housing unit at FCI Cumberland.  Plaintiff Wagus also worked at the screening site, where he was exposed to COVID-positive inmates and staff.  Plaintiff Wagus never received any memos advising him of possible or actual exposure to the novel corona virus.

164.    Plaintiff Charles Waites is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Pipefitter, WS-9, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Waites has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Waites is entitled to "environmental differential pay" for each such day.

165.    Plaintiff Byron Walker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Staff Chaplain, GS-12, Step2, at FCI Cumberland.  At various times within the last six years, plaintiff Walker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Walker is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Walker worked in all housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Walker received at least one memo advising him of possible or actual exposure to the novel corona virus.

166.    Plaintiff Michael Walker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Walker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Walker is entitled to "hazardous duty pay" for each such day.

167.    Plaintiff Tyler Warnick is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Cumberland.  At various times within the last six years, plaintiff Warnick has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Warnick is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Warnick worked in A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Warnick worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Warnick received at least one memo advising him of possible or actual exposure to the novel corona virus.

168.   Plaintiff James Washington is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Correctional Counselor, GS-9, Step 10, at FCI Cumberland.  At various times

within the last six years, plaintiff Washington has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore,

as detailed below, plaintiff Washington is entitled to "hazardous duty pay" for each such day.  At

all times relevant herein, plaintiff Washington worked in all housing units at FCI Cumberland,

along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit

(Upper AD and Lower DS) were designated quarantine units at FCI Cumberland.  Plaintiff

Washington also worked at the screening site and in Receiving and Discharge, where he was

exposed to COVID-positive inmates and staff.  Plaintiff Washington worked overtime in

hospitals and performing prisoner transportation, where he was further exposed to the novel

corona virus.  Plaintiff Washington received at least one memo advising him of possible or actual

exposure to the novel corona virus.

169.   Plaintiff Rowdy Washington is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Recreation Specialist, GS-5, Step 2, at FCI Cumberland.  At various times

within the last six years, plaintiff Washington has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore,

as detailed below, plaintiff Washington is entitled to "hazardous duty pay" for each such day.

Although currently employed at FCI Cumberland, plaintiff Washington transferred to that

Institution from FCC Hazelton.  At all times relevant herein, plaintiff Washington worked in all

housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing

unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units. Plaintiff Washington also worked in Receiving and Discharge, where he was exposed to COVID-positive inmates. Plaintiff Washington worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Washington never received any memos advising him of possible or actual exposure to the novel corona virus.

170.    Plaintiff William Weaver is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCI Cumberland. At various times within the last six years, plaintiff Weaver has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Weaver is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Weaver worked in the C housing unit at FCI Cumberland (but was sometimes mandated to other housing units), along with the Special Housing Unit. The Special Housing Unit (Upper AD and Lower DS) were designated quarantine units at FCI Cumberland. Plaintiff Weaver also worked in Receiving and Discharge, where he was exposed to COVID-positive inmates and staff. Plaintiff Weaver worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Weaver never received any memos advising him of possible or actual exposure to the novel corona virus.

171.    Plaintiff Tyrell Wiland is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Unit Secretary, GS-5, Step 10, at FCI Cumberland. At various times within the last six years, plaintiff Wiland has been required to perform duties involving unusual physical hardship

81

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wiland is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wiland worked in the Camp and all housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Wiland worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Wiland received at least one memo advising him of possible or actual exposure to the novel corona virus.

172.    Plaintiff Danny Wimer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Wimer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wimer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wimer worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Wimer also worked at the screening site and in Receiving and Discharge, where he was exposed to COVID-positive inmates and staff.  Plaintiff Wimer received at least one memo advising him of possible or actual exposure to the novel corona virus.

173.    Plaintiff Scott Windle is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCI Cumberland.  At various times within the

82

last six years, plaintiff Windle has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Windle is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Windle worked in the A, B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Windle worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Windle received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Windle contracted COVID-19.

174.    Plaintiff Christopher Wolford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 8, at FCI Cumberland.  At various times within the last six years, plaintiff Wolford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wolford is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wolford worked in the B, C, and D housing units at FCI Cumberland, along with the Special Housing Unit.  The Bravo-1 housing unit and the Special Housing Unit (Upper AD and Lower DS) were designated quarantine units.  Plaintiff Wolford also worked at the screening site, where he was exposed to COVID-positive inmates and staff. Plaintiff Wolford worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Wolford received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Wolford contracted COVID-19.

175.    Plaintiff Thomas Wolford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 10, at FCI Cumberland.  At various times within the last six years, plaintiff Wolford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wolford is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Wolford worked in all housing units at FCI Cumberland, including the Bravo-1 housing unit, which was a designated quarantine unit at FCI Cumberland.  Plaintiff Wolford worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Wolford never received any memos advising him of possible or actual exposure to the novel corona virus.

176.    Plaintiff Jason Wormack is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Cumberland.  At various times within the last six years, plaintiff Wormack has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wormack is entitled to "hazardous duty pay" for each such day.

177.    Each of the plaintiffs is a current or former correctional worker employed by the U.S. Department of Justice, Bureau of Prisons, at FCI Cumberland in Cumberland, Maryland.  They have given their written consent to be plaintiffs in this action pursuant to 29 U.S.C. § 216(b), and their consent to sue forms are attached as Exhibit A.  These written consent forms set forth each plaintiff's name and home address.

178.    The defendant, United States of America, is and at all material times has been, an employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541.  In addition, defendant United States of America is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d).  Defendant employs, or has employed, the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

179.    At all times relevant herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

180.    At all times relevant herein, plaintiffs have been suffered or permitted to work, and have in fact worked, in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207.  As a result, at all times relevant herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rates of pay for the hours of overtime they have worked.

181.    FCI Cumberland houses approximately 1,200 inmates[1] in a medium-security institution with an adjacent minimum security satellite camp.  Cumberland's entire complex employs more than 280 BOP correctional staff who provide daily correctional services to inmates.

182.    FCI Cumberland learned of its first positive COVID-19 test result of an inmate on April 5, 2020.  On April 9, 2020, the first staff member at FCI Cumberland tested positive for COVID-19.  As of October 19, 2021, at least 331 inmates and 73 staff had recovered from COVID-19.  .

---

[1] FCI Cumberland (bop.gov) (Last visited October 19, 2021).

183.    Unlike many Government employees, plaintiffs cannot work remotely, even during a

pandemic.  This is because FCI Cumberland must be physically staffed 24 hours per day, 365

days per year with correctional workers, including plaintiffs.

184.    Plaintiffs are charged with the primary job duty of maintaining the safety and security of

the Institution at all times, in significant part by coming into close physical proximity with

inmates and other correctional workers.

185.    The posts and/or positions to which plaintiffs have been assigned within the Institution

involve prolonged, close-quarters exposure to coworkers and/or inmates, often in indoor or

enclosed settings with inadequate ventilation or personal protective equipment.

### The Novel Corona Virus 2019

186.    COVID-19 is a disease caused by infection with the Novel Corona Virus SARS-CoV-2.

187.    The Virus spreads most commonly "between people who are in close contact with one

another" through droplets and aerosols "produced when an infected person coughs, sneezes,

sings, talks, or breathes." *See* Ctrs. for Disease Control (CDC), Frequently Asked Questions,

"Spread," https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Spread. It "can also land on

surfaces and objects and be transferred by touch." *Id.*

188.    SARS-CoV-2 is a virus which, when introduced to the body, is likely to cause serious

disease or fatality.

The Centers for Diseases Control and Prevention ("CDC") has determined that COVID-19, the

disease caused by the infection of SARS-CoV-2 meets the definition for "severe acute

respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders

13375 and 13674, and, therefore, is a "quarantinable communicable disease."  See Office of

Pers. Mgmt., CPM 2020-05, Coronavirus Disease 2019 (COVID-19): Additional Guidance

(March 7, 2020), available at https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance.  COVID-19 can cause symptoms ranging from mild illness to severe illness.  See Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, CDC, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited June 3, 2021).

189.     COVID-19 is often fatal.  More than 4,863,818 people worldwide, including more than 714,000 in the United States, have died from COVID-19.  See Coronavirus disease (COVID-19) pandemic, World Health Organization ("WHO"), https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited October 13, 2021); Coronavirus Disease 2019 (COVID-19), Cases in the U.S., CDC, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited October 13, 2021).

190.     COVID-19 spreads "very easily from person to person" and has been characterized as a pandemic by WHO.  Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited October 13, 2021).

191.     SARS-CoV-2 can be spread by touching infected objects or surfaces and by breathing in areas where an infected person has coughed or exhaled.  As WHO explains, "the virus can spread from an infected person's mouth or nose in small liquid particles when cough, sneeze, speak, sing, or breathe heavily... The virus can also spread after infected people sneeze, cough on, or touch surfaces, or objects, such as tables, doorknobs, and handrails."  Coronavirus disease (COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "How does COVID-19 spread

between people?") (Last updated Oct. 20, 2020).

192.    According to researchers at the National Institutes of Health, SARS-CoV-2 can persist

on surfaces for up to three (3) days.  Study suggests new coronavirus may remain on surfaces for

days, Nat'l Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/study-

suggests-new-coronavirus-may-remain-surfaces-days (Mar. 24, 2020).  Accordingly, contact

with an infected object or surface may present a risk of transmission for days from the time the

object or surface becomes infected.

193.    A person who is infected with SARS-CoV-2 may not present symptoms immediately.

Rather, there is an "incubation period" in which a person is infected but has not begun to present

symptoms.  According to the WHO, "[t]he time from exposure to COVID-19 to the moment

when symptoms begin is, on average, 5-6 days and can range from 1-14 days."  Q&A on

coronavirus (COVID-19), WHO (Apr. 17, 2020), https://www.who.int/news-room/q-a-detail/q-a-

coronaviruses (open "How long does it take to develop symptoms?") (last updated Oct. 20,

2020).

194.    An infected person may spread SARS-CoV-2  before he or she begins to present

significant symptoms.  As the WHO explains, "[w]hether or not they have symptoms, infected

people can be contagious and the virus can spread from them to other people.  Laboratory data

suggests that infected people appear to be most infectious just before they develop symptoms

(namely 2 days before they develop symptoms) and early in their illness."  Coronavirus disease

(COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "When do infected people

transmit the virus?") (last updated Oct. 20, 2020).

195.    Correctional facilities present an especially hazardous environment for the spread of virulent biologicals such as SARS-CoV-2.  As United States Department of Justice ("DOJ"), Office of the Inspector General ("OIG") has explained, and according to the CDC, "the confined nature of correctional facilities, combined with their congregant environments, heighten[s] the potential for COVID-19 to spread once introduced into a facility."  Pandemic Response Report 21-012, Remote Inspection of Federal Medical Center Fort Worth, DOJ OIG (Dec. 15, 2020), available at https://oig.justice.gov/sites/default/files/reports/20-012.pdf; see also Pandemic Response Report 21-032, Remote Inspection of Federal Transfer Center Milan (Jan. 28, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-032.pdf.

196.    The CDC has also observed that "[c]orrectional and detention facilities face unique challenges in the control of COVID-19." COVID-19 Management Assessment and Response Tool (CMAR) for Correctional and Detention Facilities, CDC, CS 320395-A at 1 (Nov. 19, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/community/Manage-Assess-Response-Tool-508.pdf.  "Facilities include custody, housing, education, recreation, healthcare, food service, and workplace components in congregate settings, where recommended physical/social distancing may often be impractical."  Id.

197.    SARS-CoV-2 can spread in the air through droplets.

198.    SARS-CoV-2 can spread through aerosolization of the virus into the air.

199.     A single one-millimeter droplet may carry as many as ~50,000 viruses in case of a viral load of $10^8$ per milliliter respiratory fluid, which is realistic and higher than the estimated infectious dose for SARS-CoV-2.[2]

---

[2] M. Imai, K. Iwatsuki-Horimoto, M. Hatta, S. Loeber, P. J. Halfmann, N. Nakajima, T. Watanabe, M. Ujie, K. Takahashi, M. Ito, S. Yamada, S. Fan, S. Chiba, M. Kuroda, L. Guan, K. Takada, T. Armbrust, A. Balogh, Y. Furusawa, M. Okuda, H. Ueki, A. Yasuhara, Y. Sakai-Tagawa, T. J. S. Lopes, M. Kiso, S. Yamayoshi, N. Kinoshita,

200.     Aerosols are physically defined as airborne solid or liquid particles with diameters smaller than 100 μm, which can remain suspended over extended periods of time. In medical studies, however, a threshold diameter of 5 μm has often been used to distinguish between a so-called "aerosol mode" and a "droplet mode".[3]

201.     Enrichment of viruses in the aerosol mode can enhance their transmission because smaller particles remain suspended for a longer time, leading to stronger accumulation and dispersion in the air.

202.     Aerosols have higher airborne virus concentrations, inhaled virus numbers, and infection risks – especially in densely occupied rooms with poor ventilation and long periods of exposure.

203.     Moreover, small aerosol particles have a higher penetration rate and higher probability of reaching the lower respiratory tract. [4]

## THE NOVEL CORONA VIRUS AT FCI CUMBERLAND

204.     As of October 19, 2021, 331[5] inmates at FCI Cumberland were confirmed to have contracted the virus and recovered, along with 73 staff members.

---

N. Ohmagari, S. I. Hattori, M. Takeda, H. Mitsuya, F. Krammer, T. Suzuki, Y. Kawaoka, Syrian hamsters as a small animal model for SARS-CoV-2 infection and countermeasure development. Proc. Natl. Acad. Sci. U.S.A. 117, 16587–16595 (2020). doi:10.1073/pnas.2009799117pmid:32571934

[3] N. H. L. Leung, D. K. W. Chu, E. Y. C. Shiu, K.-H. Chan, J. J. McDevitt, B. J. P. Hau, H.-L. Yen, Y. Li, D. K. M. Ip, J. S. M. Peiris, W.-H. Seto, G. M. Leung, D. K. Milton, B. J. Cowling, Respiratory virus shedding in exhaled breath and efficacy of face masks. Nat. Med. 26, 676–680 (2020). doi:10.1038/s41591-020-0843-2pmid:32371934

[4] https://doi.org/10.1126/science.abg6296

[5] This number is suspect, since the very same website that provided this data also shows that 394 inmates have had at least one positive COVID-19 test.

205.     The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

206.     Defendant also retains records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

207.     Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution. These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

208.     BOP released the first memo cautioning about COVID-19 on January 31, 2020 and detailed screening procedures for newly arriving inmates with identified risk factors. By February 29, 2020, another memo from the BOP Medical Director was published warning institutions of a possible pandemic and to begin enacting their pandemic plans.[6]

209.     When Cumberland staff were finally provided with PPE, they were issued one (1) N95 respirator each. This is woefully inadequate, as the CDC recommends that, in the extremely limited circumstances that an N95 mask MUST be re-used, it should be re-used no more than five (5) times.[7]

---

[6] Jeffery D. Allen, M.D., Medical Director to All Clinical Directors, All Heath Services Administrators, All Quality Improvement/Infection Prevention Coordinators, February 29, 2020, *Guidance Update for Coronavirus Disease 2019 (COVID-19)*, Health Services Division, Federal Bureau of Prisons, Department of Justice.

[7] See *Strategies for Optimizing the Supply of N95 Respirators*, cdc.gov/coronavirus/2019-ncov/hcp/respirators-strategy/index.html (last visited October 12, 2021).

210.    Additionally, staff at FCI Cumberland were not given adequate methods of cleaning and protecting themselves from COVID-19 infection.  Many staff recounted being forced to bring their own paper towels, toilet paper, hand sanitizer, and sanitizing wipes from home to use at work because BOP failed to provide these items for their workers.

211.    The OIG maintains an interactive website of COVID trends and testing trends at BOP facilities.  This website shows that widespread testing of inmates did not begin at Cumberland until November of 2020.

212.    The staff shortages, inadequate personal protective equipment, and a failure to follow recommended CDC guidelines at FCI Cumberland were so dire that the Maryland Congressional Delegation wrote to William Barr, Attorney General of the United States, on May 4, 2020, urging his involvement to step in and take measures to curb the spread of COVID-19 at Cumberland.[8]

213.    By December 2020, the incidence of COVID-19 was severe, as over 200 inmates tested positive for COVID-19.  See Virus Outbreak at Federal Prison Includes 200 inmates, 11 Staff (Dec. 9, 2020), https://www.times-news-com/news/local_news/virus-outbreak-at-federal-prison-includes-200-inmates-11-staff/article_58cbada0-3971-11eb-a61e-5f5b7fd7b82b.html.

214.    Numerous staff absences during the COVID-19 outbreak at Cumberland forced some institution staff to work longer shifts—in some instances as much as 40 hours straight – and to move between COVID-positive units and non-COVID-positive units, potentially becoming vectors of transmission[9].

---

[8] See letter from Maryland Congressional Delegation, Exhibit B (attached).
[9] https://www.dailyindependent.com/news/fci-covid-positive-death-toll-hits-6/article_8690f32e-4ad0-11eb-8a46-9b514c109cd0.html

215.     Both before and during the documented outbreak of COVID-19 among the inmates and correctional workers at the Institution, plaintiffs have been assigned to individual posts and/or positions within the Institution for each shift.  Defendant maintains a record of each plaintiff's employment and daily assignments, going back to the plaintiff's first assignment within the Institution.  Accordingly, defendant knows the posts and/or positions to which each plaintiff has been assigned on a daily basis going back at least six years from today.

216.     Specifically, inmates in the eight FCI housing units live in two-man cells, while inmates in Camp units live in "open bay" dormitories in which inmate beds are in close proximity and are adjacent to shared communal spaces.

217.     When the COVID-19 outbreak first happened, infected inmates were housed in the Special Housing Unit or the Bravo-1 housing unit.  However, once the number of infected inmates surpassed the capacity of these units, other units also became quarantine units.  At one point, every unit in the Institution was designated as a "quarantine" unit.

218.     BOP memos called for immediate isolation of symptomatic and COVID-19 positive inmates as early as February 29, 2020 and the Pandemic Influenza Plan that is regularly in place advises to separate those who are sick[10].

219.     Correctional staff and inmates in the housing units were not immediately advised of the inmates' positive results or instructed to wear appropriate PPE, including N95 respirators, goggles, gloves, and gowns, for close contact with COVID-19 infected individuals consistent with BOP guidance.

---

[10] Pandemic Influenza Plan, Module 1: Surveillance and Infection Control [unpublished training material]. Washington D.C.: Department of Justice, Federal Bureau of Prisons, 2012.

220.     Staff who were in close contact with inmates suspected or confirmed to have COVID-19 did not have access to an N95 respirator at the beginning of the Cumberland outbreak in mid-to late March despite a February 29, 2020 BOP directive and attached inmate screening tool that made clear that such staff should wear an N95 respirator.  In fact, staff at Cumberland were not provided with N95 masks until sometime in May 2020.

221.     Further, the Marshal's Service refused to halt the voluntary transfer of inmates into and out of the prison, increasing the risk of exposure to current inmates and staff.  This was exacerbated by the fact that staff members were mandated to work correctional posts in both the FCI and the Camp, often going back and forth between the two in a twenty-four hour period. Under these circumstances, any attempt at "quarantining" was impossible.

222.     FCI Cumberland did not immediately separate COVID positive inmates from their cell mates or open bay mates who had pending test results.

223.     COVID-19, or the Novel Corona Virus, is spread via airborne droplets which can remain in the air for multiple minutes after each breath an infected individual takes, and can settle on surfaces and live for multiple hours.

224.     Employees who worked around inmates were inevitably exposed to these droplets which meet the definition of a viral biological and micro-organism.

225.     Plaintiffs regularly interact with inmates and come into close proximity or direct physical contact with members of the inmate population on a daily basis.  For example, whether at an assigned post or otherwise traveling within the Institution, plaintiffs are responsible for performing inmate "pat downs" requiring close proximity and direct physical contact with inmates.  Plaintiffs must also participate in other searches (e.g., of inmate living quarters) which put them in close proximity and physical contact with inmates and their personal effects.

94

Plaintiffs are also required to clean inmate cells of bodily fluids, and participate in prisoner transport to hospitals.

226.    Plaintiffs also come into close physical proximity with coworkers and inmates when performing daily job duties around the Institution, such as closely supervising inmates assigned to daytime activities ("work detail"), correcting inmate behavior, distributing equipment for use by inmates, escorting inmates throughout the Institution, and/or waiting in small, enclosed "sallyports" with coworkers and/or inmates.

227.    In addition, Plaintiffs come into close physical proximity and direct contact with coworkers when they engage in a required information and equipment exchange during the shift exchange process for the 24-hour posts.  During this exchange, the outgoing correctional worker provides a critical verbal briefing to the oncoming officer or other correctional worker regarding security incidents and inmate information obtained during the prior shift.  The outgoing correctional worker also hands off a set of shared but required security equipment - including radios, keys, and OC spray- to the oncoming correctional worker.

228.    For the non-24-hour posts, staff arrives in the Institution (going through x-ray machine, sally port, administration building, and control center), exchanges chits for equipment for keys, OC spray, handcuffs, and repeats these steps at the end of the day/shift.  Regardless of post or assignments, plaintiffs must enter into the Institution for each shift, coming into close personal contact with coworkers and/or inmates, and physically touch equipment that is regularly handled by coworkers, including, but not limited to metal chains, metal accountability chits, keys, handcuffs, radios, and the radio charging stations located at each housing unit.

229.    Regardless of post or assignment, plaintiffs must also physically touch objects and surfaces throughout the Institution that are regularly handled by coworkers and inmates,

including, but not limited to, door handles, security gates, cell doors, work stations/computes, logbooks, trash and trash receptacles, inmate effects and possessions, work tools, restroom surfaces, sinks and toilets, and other communal objects.

230.    Plaintiffs also work in close proximity to inmates and other coworkers potentially infected with COVID-19 when transporting prisoners in between institutions, when processing new arrivals and their personal effects, and when escorting new arrivals to points within FCI Cumberland.  As the OIG has admitted, "[a]ny time prisoners are moved, there is an inherent risk that the prisoner could transmit COVID-19 to other parties including the transporting officials, other prisoners, and staff or inmates of the destination facility." Review of the United States Marshals Service's Response to the COVID-19 Pandemic, Audit Division 21-034, OIG (Feb. 3, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-034.pdf.  "This is because of the necessary interactions between prisoners and staff that take place during transportation operations as well as the confined spaces of buses and aircraft, even when social distancing is encouraged." *Id*.

231.    At FCI Cumberland, correctional workers were not and are not informed of the COVID-19 status of all transported inmates, even when that status is known by the Agency. Plaintiffs, as well as the Institution as a whole, are at substantial risk of SARS-CoV-2 exposure with every interaction with transported prisoners, every prisoner escorted, and every new arrival processed.

232.    The foregoing exposure to areas, objects, surfaces, and/or individuals infected with SARS-CoV-2was not taken into account in the classification of plaintiffs' positions.

233.    Defendant has not provided sufficient protective equipment nor measures to practically eliminate the hazard of exposure to SARS-CoV-2 at FCI Cumberland.

234.     Plaintiffs work in close proximity to SARS-CoV-2 at the Institution, and they have performed work that involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

235.     On April 1, 2020, the Federal Bureau of Prisons put the facility on "lock down" to try to stem the spread of the COVID-19 outbreak.

236.     During this lockdown, employees were assigned to 12 hour shifts, directly increasing the time spent being exposed to COVID-19.

237.     Common equipment, such as radios and keys, was not regularly sanitized.

238.     As of December 30, 2020, thirty-four (34) staff members had tested positive for COVID-19.  As of October 19, 2021, that number has increased to seventy-three (73).

## HAZARD PAY

239.     Plaintiffs Amezcua, Arthur, Baldwin, Beachy, Brian Beal, Eric Beal, Biser, Boch, Bolinger, Booher, Booth, Brantner, Brenize, Brumage, Cannon, Clark, Cosgrove, Courtney, Cutter, Dameron, Daugherty, Davison, Sandy Dawson, Robert Dawson, III, Dela Rama, Delph, Deremer, Detrick, DeVore, Divelbliss, Donitzen, Dorsey, Dunn, Duran, Durrance, DuVall, Easton, Jodi Fazenbaker, Fiordelise, Fontaine, Freeman, Fuller, Godlove, Gray, Greely, Growdon, Guerrero, Hagelin, Hanlin, Hansrote, Hardman, Greg Harper, Henderson, Heselback, Renee Hipkiss, Terry Hipkiss, Howser, Hull, Hunt, Edward Jones, Kayla Jones, Sean Jones, Kerling, Kerns, King, Kiser, Kitzmiller, Klepitch, Kline, Klipstein, Lamberson, Liller, Lindner, Lopatkiewcz, Heather Mathias, Jennifer Mathias, Brittny May, William May III, Ian McCoy, Justin McCoy, McCusker, McGorty, McGuire, Mellon, Anthony Merrill, Leslie Merrill, Michael, Middleton, Cody Miller, Daniel Miller, Dylan Miller, Marc Miller, Tammy Miller,

Zachary Miller, Morris, Nichols, Parker, Pearsall, Penrod, Pietsch, Pluta, Pressman, Proud,

Raley, Reeves, Donald Rice, Kevin Rice, Roberts, Kaison Rohrbaugh, Taven Rohrbaugh, Jared

Ross, Jarell Ross, Michael Ryan, Tina Ryan, Seibert, Shanholtz, Shatzer, Shillingburg, Shobe,

Shoemaker, Simmons, Kevin Smith, Lisa Smith, Steckman, Stevanus, Stevens, Stoner, Stough,

Stump, Thorne, Tummino, Wagus, Byron Walker, Michael Walker, Warnick, James

Washington, Rowdy Washington, Weaver, Wiland, Wimer, Windle, Christopher Wolford,

Thomas Wolford, and Wormack are all General Schedule Employees under 5 U.S.C. § 5545(d)

and its regulations in 5 CFR 550 5 C.F.R. §§ 550.902

240.    Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 237 and

including paragraph 237 of this Complaint.

241.    Section 5545(d) of Title 5 of the U.S. Code provides that the United States Office of

Personnel Management (OPM) shall establish a schedule of pay differentials for duty by federal

employees involving unusual physical hardship or hazard.  Section 5545(d) further provides that

OPM prescribe "such minimum periods as it determines appropriate" during which an employee

who performs duty involving physical hardship or hazard is entitled to hazardous duty pay.

242.    Pursuant to Section 5545(d) of Title 5, OPM has issued regulations at 5 C.F.R. §§

550.901-550.907 pertaining to hazardous duty pay.  These regulations establish a schedule of

hazardous pay differentials and provide, inter alia, that an employee who qualifies for hazardous

duty pay shall be paid hazardous duty pay for each day that the employee is exposed to

hazardous duty or physical hardship.

243.    The schedule of hazardous duty pay differentials that OPM has established in

regulations  5 C.F.R. §§ 550.901-550.907 provides that agencies shall pay hazardous duty pay to

employees who are exposed to virulent biologicals, such as the Novel Corona Virus, to which

plaintiffs have been exposed.  They further provide that the hazardous duty pay differential

which the agency shall pay the employees equals twenty-five percent (25%).

244.     Since at least March 2020, through the present and continuing and ongoing, plaintiffs

and others similarly situated have performed work with or in close proximity to the novel corona

virus, including, without limitation, work performed with or in close proximity to facilities,

rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the

virus without sufficient protective devices.

245.     Although plaintiffs have been exposed to virulent biologicals, defendant has failed and

refused, and continues to fail and refuse, to pay plaintiffs the twenty-five percent (25%) pay

differential for each day that plaintiffs have been required to work in close proximity to COVID-

19.  By failing and refusing to pay plaintiffs a twenty-five percent (25%) pay differential on

these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the

defendant has violated, and is continuing to violate, the provisions of Title 5 relating to

hazardous duty pay at 5 U.S.C. § 5545(d).

246.     As a consequence of defendant's failure and refusal to pay plaintiffs hazardous duty

pay at all times relevant herein, plaintiffs have been unlawfully deprived of hazardous duty pay

and other relief for the maximum statutory period allowed under federal law.

247.     As a result of the defendant's willful and purposeful violations of Title 5, there has

become due and owing to each plaintiff various amounts which have not yet been precisely

determined.  The employment and work records, including each plaintiff's daily assignments

within the Institution, are in the exclusive possession, custody and control of defendant and its

public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of

them.  For example, the defendant is in exclusive possession of relevant personnel files and

records reflecting plaintiffs' dates of hire/separation, job descriptions, and work assignments, as well as records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

248.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

249.     Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

250.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

251.     Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

252.     As a result of plaintiffs' performance of their official duties in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19, as alleged herein, plaintiffs have been exposed to "virulent biologicals" within the meaning of Subpart I of Part 550 of Title 5, Code of Federal Regulations, and hazardous micro-organisms within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

253.     Moreover, as a result of the Bureau's handling of the crisis, employees' duties were changed in an irregular manner which put the employees at even greater risk of contact with COVID-19.

254.     Defendant has not compensated plaintiffs with the hazardous duty pay differential for exposure to virulent biologicals as set forth in Appendix A to Subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous

microorganisms set forth in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal

Regulations.  Accordingly, defendant has failed to provide hazardous duty and environmental

differential pay to plaintiffs when they work with or in close proximity to COVID-19 on objects,

surfaces, and/or individuals infected with COVID-19 as required by 5 U.S.C. § 5545(d) and 5

U.S.C. § 5343(c)(4).

255.     Because defendant has failed to pay plaintiffs hazardous duty pay and/or environmental

pay differentials, defendant has not included such pay when calculating plaintiffs' regular rates

of pay for purposes of calculating and paying overtime compensation under the FLSA.

256.     By the nature of the term, pandemics are not usual, and pandemic response is not a

usual duty considered with the occupations of named Plaintiffs.

257.     The pandemic and the response to the pandemic caused the Plaintiffs to work in

unusually severe working conditions including the long overtimes, risk of infection by the novel

corona virus, Inmate unrest due to high rates of inmate infections, and short staffing causing staff

to work in unfamiliar positions.

258.     Each named employee was assigned to work and did perform work where they were

under constant exposure to the novel corona virus.

### ENVIRONMENTAL DIFFERENTIAL PAY

259.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 237 and

including paragraph 237 of this Complaint.

260.     Plaintiffs Almond, Arnold, Beeman, Bonner, Buckley, Chris Fazenbaker, Alacyn

Frenzel, Jessie Frenzel, Gank, Goss, Ryan Harper, Hinton, Hyson, Sean Jones, Kasecamp,

Kenner, Kenney, Leasure, Linn, Livengood, Logsdon, MacDonald, Mallow, Chris Miller,

Christopher Miller, Moreland, Roy, Schultz, Snyder, Toll, and Waites are all Wage Grade employees under 5 U.S.C. § 5341 *et seq.*, and its regulations in 5 C.F.R. § 532.101, *et seq.*

261.　　Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations regarding wage schedules and rates for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards. See 5 C.F.R. § 532.511.

262.　　The schedule of environmental differentials is contained in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  See 5 C.F.R. § 532.511(d).

263.　　The schedule of environmental differentials provides that agencies shall pay an eight percent (8%) environmental pay differential when employees perform work with or in close proximity to "micro-organisms which involves potential personal injury such as death, or temporary, partial or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease" in situations where "the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserums and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury" or a four percent (4%) environmental differential when employees perform work with or in close proximity to "micro-organisms in situations for which the nature of the work does not require the individual to be in direct contact with primary containers of organisms pathogenic for man" where "the use of safety devices and equipment and other safety measures have not practically eliminated the potential for personal injury."  5 C.F.R. Pt. 532, Subpt. E., App. A.

264.　　The regulations provide that "[a]n employee entitled to receive an environmental differential shall be paid an amount equal to the percentage rate authorized by the Office of Personnel Management for the category in which the working condition or hazard falls,

multiplied by the rate for the second step of WG-10 for the appropriated fund employees and NA-10 for the nonappropriated fund employees on the current regular non-supervisory wage schedule for the wage area for which the differential pay is payable, counting one-half cent and over as a whole cent." 5 C.F.R. § 532.511(b)(1).

265.    An employee entitled to an environmental differential on the basis of hours in a pay status "shall be paid for all hours in a pay status on the day on which he/she is exposed to the situation." 5 C.F.R. § 532.511(b)(3).

266.    Since at least April of 2020, through the present and continuing and ongoing, plaintiffs paid pursuant to the prevailing rate pay system and other similarly situated prevailing rate employees have performed work with or in close proximity to the Novel Corona Virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the Virus without sufficient protective devices.

267.    The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

268.    Defendant also retains records reflecting the names of employees and inmates who have had COVID-19 which is a disease that occurs due to the infection of the Novel Corona virus, when they had COVID-19 or potential/likely COVID-19 infection, and their locations in the Institution during that time.

269.    Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.

270.     These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

271.     Defendant has failed, and continues to fail, to pay plaintiffs the eight or four percent environmental differential listed in Appendix A to Subpart E or Part 532 of Title 5, Code of Federal Regulations for each period when they have been exposed to COVID-19 through the performance of their official duties.

272.     By failing to pay plaintiffs the eight or four percent environmental differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and continues to violate, the provisions of 5 U.S.C. § 5343(c)(4).

273.     As a consequence of defendant's failure to pay plaintiffs environmental differential pay, plaintiffs have been unlawfully deprived of environmental differential pay and other relief.

274.     As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.

275.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them an environmental differential.

276.     Plaintiffs are entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

### COUNT 3 - FLSA Regular Rate

277.     Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 237 and including paragraph 237 of this Complaint.

278.     Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of 40 hours in a week at the rate of one and one-half (1 ½)

times an employee's "regular rate of pay."  In addition, Section 551.501 of the Code of Federal Regulations, 5 C.F.R. § 551.501, provides that federal agency employers, such as the Bureau of Prisons, shall compensate their employees at a rate of not less than one and one-half (1 ½) times the employees' regular rate of pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a work week.

279.    At all times relevant herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and have been paid overtime pay for such work, defendant has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay.

280.    Defendant has violated the FLSA by failing to include hazardous duty pay and environmental pay differential payments owed to plaintiffs as set forth in Courts 1 and 2 above, in the regular rate of pay at which FLSA overtime is paid.

281.    The FLSA claim in this case is limited exclusively to the improper calculation of the regular rate of pay used by the defendant when it paid FLSA overtime pay to plaintiffs caused by the failure of the defendant to include hazardous duty and/or environmental pay differential payments, to which plaintiffs have been and continue to be entitled as explained by paragraphs 1-herein.

282.    By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, defendants has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  Therefore, at all times relevant herein, plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

283.     As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.

284.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for defendant's failure to pay overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

285.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for defendant's failure to pay them overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

286.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), and the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court:

(a) Enter judgment that defendant has willfully and wrongfully violated its statutory obligations and deprived each of the plaintiffs of their rights;

(b) Order a complete and accurate accounting of all the compensation to which plaintiffs are entitled;

(c) Award each plaintiff monetary damages, plus interest;

(d) Award each plaintiff liquidated damages equal to the backpay awarded on their FLSA regular rate violation claims;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted by:

WHITEHEAD LAW FIRM

  /s/ Jack K. Whitehead, Jr.
JACK K. WHITEHEAD, JR.. #17863
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Kentucky  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com
*Attorney for Plaintiffs*