IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM ALMOND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 21-2066 C |
| | ) | (Judge Schwartz) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO STAY

Pursuant to Rule 7 of the Rules of the Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court stay proceedings in this case pending a decision of the United States Court of Appeals for the Federal Circuit (Federal Circuit) in another case brought by Bureau of Prisons (BOP) employees seeking hazardous duty and environmental differential pay. *See Cody Adams v. United States,* No. 21-1662 (Fed. Cir. argued Oct. 6, 2021). The *Cody Adams* appeal is fully briefed and the Federal Circuit heard oral argument on October 6, 2021. If the Court grants this motion, the United States respectfully proposes that, within 30 days of the date the Federal Circuit's decision in *Cody Adams* becomes final and unappealable, the parties file a joint status report proposing further proceedings in this case. Moreover, if the Court grants this motion, the United States consents to plaintiffs amending their complaint to add additional plaintiffs, RCFC 15(a)(2), during the pendency of the stay.

The United States also respectfully requests that the Court suspend further proceedings in this case pending its resolution of this motion to stay. Our response to plaintiffs' complaint is currently due on December 27, 2021. If this motion is denied, the United States respectfully

requests that its response to the complaint be due within 30 days of the date of the denial. This would be our first request for an enlargement for this purpose.

Plaintiffs do not oppose this motion.

## BACKGROUND

Plaintiffs comprise 174 current or former BOP employees of the Federal Correctional Institution (FCI) Cumberland, located in Cumberland, Maryland. Compl., ECF No. 1 at 7 ¶ 1. Plaintiffs filed this suit seeking additional compensation for alleged workplace exposure to COVID-19. *Id*. at 98-99 ¶¶ 243-245; *id*. at 103-104 ¶¶ 166, 271. In their complaint, plaintiffs paid under the General Schedule allege entitlement to "hazardous duty pay," which provides a 25% pay differential for each day when an eligible employee is "assigned to and performs" "work with or in close proximity to" "virulent biologicals." 5 C.F.R. § 550.904(a); *id*. pt. 550, subpt. I, App'x A; Compl., ECF No. 1 at 97-99 ¶¶ 239-258. Furthermore, plaintiffs paid under the Federal Wage System allege entitlement to "environmental differential pay," which provides 4% and 8% pay differentials for periods in which an eligible employee performed "work with or in close proximity to" "micro-organisms." 5 C.F.R. § 532.511; *id*. pt. 532, subpt. E, App'x A; Compl., ECF No. 1 at 101-104 ¶¶ 259-276. Under Count III, plaintiffs seek additional overtime pay under the Fair Labor Standards Act (FLSA) because they allege that their pay rates failed to account for owed-but-unpaid hazardous duty or environmental differential pay. Compl., ECF No. 1 at 104-106 ¶¶ 277-286.

This is one of 31 suits brought by BOP employees seeking additional compensation pursuant to the hazardous duty or environmental differential pay programs, 5 U.S.C. §§ 5343(c)(4), 5545(d), for alleged workplace exposure to COVID-19. Collectively, these suits

currently include more than 5,500 plaintiffs seeking individual relief, with additional plaintiffs and suits anticipated.[1]

To date, this Court has issued decisions on the United States' motion to dismiss or for a more definite statement in two suits filed by BOP employees. *See Charles Adams v. United States,* 151 Fed. Cl. 522 (2020); *Cody Adams v. United States*, 152 Fed. Cl. 350 (2021). Although the complaints in those cases, and in this case, contain virtually the same allegations and rely on the same legal theories, the Court reached conflicting results in *Charles Adams* and *Cody Adams*.

In *Charles Adams*, the Court denied our motion to dismiss, finding that the BOP plaintiffs' allegations that they performed work with or in close proximity to "objects, surfaces, and/or individuals infected with COVID-19" were sufficient to state claims for hazardous duty

---

[1] In addition to this suit, the other suits filed by current or former BOP employees affiliated with specific institutions are: *Cody Adams et al. v. United States*, No. 20-783 (Fed. Cl.); *Babcock et al. v. United States*, No. 20-841 (Fed. Cl.); *Charles Adams et al. v. United States*, No. 20-909 (Fed. Cl.); *Mayle et al. v. United States*, No. 20-1818 (Fed. Cl.); *Abraham et al. v. United States*, 20-1859 (Fed. Cl.); *Chance Adams et al. v. United States*, No. 20-1952 (Fed. Cl.); *Aguero et al. v. United States*, No. 20-1966 (Fed. Cl.); *Akano et al. v. United States*, No. 21-807 (Fed. Cl.); *Andreas et al. v. United States*, No. 21-833 (Fed. Cl.); *Ackley et al. v. United States*, No. 21-874 (Fed. Cl.); *Andam et al. v. United States*, No. 21-1060 (Fed. Cl.); *Allen et al. v. United States*, No. 21-1074 (Fed. Cl.); *Bassett et al v. United States*, No. 21-1089 (Fed. Cl.); *Aaron et al. v. United States*, No. 21-1117 (Fed. Cl.); *Allison et al. v. United States*, No. 21-1227 (Fed. Cl.); *Abrom et al. v. United States*, No 21-1230 (Fed. Cl.); *Stewart et al. v. United States*, No. 21-1293 (Fed. Cl.); *Ahern et al. v. United States*, No. 21-1493 (Fed. Cl.); *William Adams et al. v. United States*, No. 21-1509 (Fed. Cl.); *Tyler Adams et al. v. United States*, No. 21-1600 (Fed. Cl.); *Ackerman et al. v. United States*, No. 21-1630 (Fed. Cl.); *Albright et al. v. United States*, No. 21-1684 (Fed. Cl.); *Abrams et al. v. United States*, No. 21-1689 (Fed. Cl.); *Abercrombie et al. v. United States*, No. 21-1730 (Fed. Cl.); *Samantha Adams et al. v. United States*, No. 21-1827 (Fed. Cl.); *Akin et al. v. United States*, No. 21-1888 (Fed. Cl.); *Adkins et al. v. United States*, No. 21-2066 (Fed. Cl.); *Albert et al. v. United States*, No. 21-2147 (Fed. Cl.); *Allen et al. v. United States*, No. 21-2167 (Fed. Cl.); *Abdelrehim et al. v. United States*, No. 21-2254 (Fed. Cl.). In addition to these suits, four other suits were filed by Federal employees on behalf of purported classes. *See Braswell et al. v. United States*, No. 20-359 (Fed. Cl.) (proposed class including BOP employees); *Plaintiff No. 1 v. United States*, No. 20-640 (Fed. Cl.); *Higgins v. United States*, No. 20-1700 (Fed. Cl.); *Roddy v. United States*, No. 21-1372 (Fed. Cl.).

and environmental differential pay. *Charles Adams*, 151 Fed. Cl. at 526, 528-529. In reaching that conclusion, the Court in *Charles Adams* found that the Federal Circuit's decision in *Adair v. United States*, 497 F.3d 1244 (Fed. Cir. 2007), was inapplicable to plaintiffs' claims and that construing the hazardous duty pay regulations in the manner advocated by the United States would produce "absurd results." *Id.* at 527.

In contrast, in *Cody Adams*, the Court granted our motion to dismiss a suit filed by BOP employees at the Federal Correctional Institution in Danbury, Connecticut. Although the allegations and legal theories in *Cody Adams* and *Charles Adams* are identical, the Court in *Cody Adams* determined that the Federal Circuit's decision in *Adair* foreclosed plaintiffs' environmental differential pay claims based on alleged workplace exposure to COVID-19. *See Cody Adams,* 152 Fed. Cl. at 357. The Court in *Cody Adams* also determined that the "Federal Circuit's interpretations of the relevant terms in 5 U.S.C. § 5545(d), 5 C.F.R. § 550.902, and OPM's schedule of pay differentials precludes this court from concluding that plaintiffs have stated a claim for hazardous duty pay." *Id.* at 355 n.7. Although the Court in *Cody Adams* acknowledged the different outcome in *Charles Adams*, it "respectfully disagree[d] with th[at] decision." *Id.* (citation omitted).

The Court entered final judgment on February 5, 2021, and plaintiffs filed a notice of appeal on February 8, 2021. The *Cody Adams* appeal has been fully briefed and oral argument took place on October 6, 2021.

## ARGUMENT

To conserve judicial and party resources, the Court should stay this case pending the Federal Circuit's resolution of *Cody Adams*. The Federal Circuit's rulings in *Cody Adams* will provide binding guidance with respect to the construction of the regulations on which plaintiffs'

4

claims rely, likely resolving or eliminating issues, or even this entire case. The Court has almost uniformly granted similar requests for stays in cases brought by BOP employees raising the same allegations and claims. *See, e.g.*, *Andreas et al. v. United States*, No. 21-833 (Fed. Cl. Feb. 17, 2021), ECF No. 6; *Allison et al. v. United States*, No. 21-1227 (Fed. Cl. June 7, 2021), ECF No. 6; *Ackerman et al. v. United States*, No. 21-1630 (Fed. Cl. Sept. 15, 2021); *Abercrombie et al. v. United States*, No. 21-1730 (Fed. Cl. Oct. 12, 2021). The same principles that have warranted stays in the other cases apply equally here.

I.  This Case Should Be Stayed Pending The Federal Circuit's Resolution Of *Cody Adams*

A trial court possesses inherent power to stay one action pending the resolution of another which, "even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas[e] and assist in the determination of the questions of law involved." *Landis v. N. Am. Co.*, 299 U.S. 248, 253-54 (1936). Although the Court may weigh a variety of factors when considering whether to grant a stay, the basis for a stay is especially strong when it would "simplif[y] the 'issues, proof, and questions of law, which could be expected to result from a stay.'" *Unionbancal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

In particular, when an appellate ruling on a legal issue is likely to have binding effect in another pending case, the reason for a stay is "at least a good one, if not an excellent one." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1196 (11th Cir. 2009). For instance, in *Unionbancal Corp.*, this Court stayed the case pending an appeal involving a related tax transaction. *Unionbancal Corp.*, 93 Fed. Cl. at 168. The Court reasoned that "it only makes sense to obtain the guidance from the Federal Circuit" before the parties and the Court expend additional resources in the plaintiff's case given that the "Federal Circuit's

5

decision will most likely help clarify and simplify" the legal issues, thus "conserv[ing] judicial resources." *Id.*; *see also Farmer v. United States*, 145 Fed. Cl. 475, 484 (2019) (when overlapping legal issues are already on appeal, moving forward with litigation is "not a judicious use of either the parties' or the court's resources").

Indeed, in complex litigation where multiple cases raise a common legal issue, this Court routinely stays cases pending an appeal to conserve judicial and party resources. *See, e.g., S. Cal. Fed. Sav. & Loan v. United States*, 52 Fed. Cl. 531, 537 (2002) (noting that the Court stayed several cases pending appellate resolution of three exemplar *Winstar* cases); *Farmer*, 145 Fed. Cl. at 483 (staying risk-corridors case brought under the Affordable Care Act pending resolution of a related appeal in the Supreme Court); *Blue Cross Blue Shield of N. Dakota v. United States*, No. 18-1983 (Fed. Cl. July 9, 2019), ECF No. 33 at 2 (staying cost-sharing reduction case brought under the Affordable Care Act pending resolution of related appeals in the Federal Circuit); *Commonwealth Edison Co. v. United States*, No. 98-621, slip op. at 1 (Fed. Cl. Oct. 31, 2000) (staying spent nuclear fuel case pending resolution of related appeals in the Federal Circuit). This approach also reduces the risk of trial court rulings that may need revisions in light of the Federal Circuit's eventual decision.

These judicial economy principles compel a stay of this case pending the Federal Circuit's resolution of *Cody Adams*. Because the complaints in *Cody Adams* and in this case contain virtually the same allegations and rely on the same legal theories, the Federal Circuit's resolution of *Cody Adams* will provide a binding ruling on a key legal issue in this case: whether the hazardous duty and environmental differential pay regulations authorizing additional compensation for "work with or in close proximity to" "micro-organisms" or "virulent

6

biologicals" apply to allegations about workplace exposure to COVID-19. Thus, Federal Circuit resolution of *Cody Adams* will clarify which, if any, claims may proceed in this case.

Absent a stay, the parties would be required to brief, and the Court would be required to decide, a motion to dismiss. Whether that motion is granted or denied, neither outcome would support the Court's interest in the "just, speedy, and inexpensive determination" of this case. RCFC 1. For instance, if this Court were to grant a motion to dismiss plaintiffs' complaint and enter a judgment of dismissal, the Federal Circuit may be confronted with the same issues already on appeal in *Cody Adams*. Alternatively, if the Court were to deny a motion to dismiss, the parties would proceed to discovery, which would consume substantial judicial and party resources, all of which would be obviated if the Federal Circuit were to affirm the judgment of dismissal in *Cody Adams*.[2]

Finally, a stay would reduce the risk of rulings that would need to be revised in light of the Federal Circuit's decision. The Federal Circuit's decision has the potential to change the law or redefine the universe of facts that need to be developed in such a way that any intervening rulings by this Court would be nullified or would need to be made anew.

Accordingly, judicial economy compels that this case be stayed until the Federal Circuit resolves *Cody Adams*. If the Court grants the stay, the United States respectfully proposes that, within 30 days of the date the Federal Circuit's decision in *Cody Adams* becomes final and unappealable, the parties submit a joint status report proposing a schedule for further proceedings

---

[2] A stay pending appeal would not be "immoderate in extent" because it would terminate upon the disposition of *Cody Adams*. *See Landis*, 299 U.S. at 255-56. The Federal Circuit reported a median time of 10.2 months from docketing to disposition in appeals originating from the Court of Federal Claims, over a 10-year period. *See* U.S. Court of Appeals for the Federal Circuit, Median Time to Disposition in Cases Terminated After Hearing or Submission (Table, 9/30/2021), https://cafc.uscourts.gov/home/the-court/reports-statistics/ (last visited Dec. 21, 2021).

in this case. Moreover, if the Court grants the stay, the United States consents to plaintiffs amending their complaint to add additional BOP employees as plaintiffs, RCFC 15(a)(2), during the pendency of the stay; any deadline to respond, however, will remain stayed.

II. **Further Proceedings Should Be Suspended In This Case Pending The Court's Resolution Of This Motion To Stay**

The judicial economy principles underpinning the proposed stay also demonstrate that this Court should suspend further proceedings in this case. Because the Court may elect to stay this case pending the Federal Circuit's resolution of *Cody Adams*, further proceedings in this case would unnecessarily consume judicial resources. Thus, we request that the Court suspend further proceedings in this case until its resolution of this motion to stay. If the Court denies this motion to stay, the United States respectfully requests that its response to the complaint be due within 30 days of the date of the denial.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court grant this motion to stay this case pending the Federal Circuit's resolution of *Cody Adams*, and suspend further proceedings pending its resolution of this motion.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    PATRICIA M. McCARTHY
    Director


    s/Eric P. Bruskin
    ERIC P. BRUSKIN

|  |  |
|---|---|
|  | Assistant Director |
| OF COUNSEL: |  |
|  | s/ Liridona Sinani |
| MARIE C. CLARKE | LIRIDONA SINANI |
| DOUGLAS S. GOLDRING | Trial Attorney |
| KATHLEEN HALEY HARNE | ERIC LAUFGRABEN |
| DAVID HUBAND | Senior Trial Counsel |
| ADAM EISENSTEIN | ALBERT S. IAROSSI |
| KIMBERLY KNIPE | CATHARINE M. PARNELL |
| MICHAEL O'CONNELL | Trial Attorneys |
| Office of General Counsel | Commercial Litigation Branch |
| Federal Bureau of Prisons | Civil Division |
| U.S. Department of Justice | U.S. Department of Justice |
|  | P.O. Box 480 |
|  | Ben Franklin Station |
|  | Washington, DC 20044 |
|  | Telephone:   (202) 353-2188 |
|  | Facsimile:   (202) 307-0972 |
|  | Email:   Liridona.Sinani@usdoj.gov |
| December 23, 2021 | Attorneys for Defendant |